OPINION
{¶ 1} Mary Rosely appeals from the trial court's entry of summary judgment in favor of appellees Twin City Fire Insurance Company and Hartford Casualty Insurance Company on her complaint for uninsured-motorist coverage.
 {¶ 2} Rosely advances two assignments of error on appeal. First, she contends the trial court erred by entering summary judgment in favor of Twin City, which provided her employer, Antioch University, with commercial-auto insurance. Second, she claims the trial court erred by entering summary judgment in favor of Hartford, which provided Antioch with an umbrella policy.
 {¶ 3} The facts underlying the present appeal are undisputed. Rosely was involved in a car accident while performing an errand for Antioch. At the time of the accident, she was driving her own car in the scope of her employment to mail documents to an Antioch alumnus. Rosely contends Jeffrey Wells, an uninsured driver, negligently ran a red light and struck her car. As a result of the accident, she incurred medical expenses of more than $125,000 and suffered permanent injuries.
 {¶ 4} Following the accident, Rosely sought uninsured-motorist coverage through the commercial-auto policy issued to Antioch by Twin City and the umbrella policy issued by Hartford. After the insurance companies denied her claims, Rosely commenced the present action, seeking declaratory judgment regarding her entitlement to uninsured-motorist coverage under the two policies. On October 24, 2005, the trial court sustained a joint motion for summary judgment filed by Twin City and Hartford, finding that Rosely was not entitled to uninsured-motorist coverage under either policy. Among other things, the trial court concluded that she did not qualify as an "insured" under the UM/UIM portion of the commercial-auto policy issued by Twin City to Antioch. With regard to the Hartford umbrella policy, the trial court reasoned that "[a]s Plaintiff is not eligible for coverage in the underlying commercial auto policy, she is not eligible for coverage under the umbrella policy." This timely appeal followed.
 {¶ 5} An appellate court conducts a de novo review of a trial court's summary judgment ruling. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102,105, 1996-Ohio-336. Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v.Willis Day Warehousing Co. (1976), 54 Ohio St.2d 64, 66; Civ.R. 56(C).
 {¶ 6} In her first assignment of error, Rosely contends the trial court erred in sustaining Twin City's summary judgment motion. She asserts that she qualifies as an insured under the UM/UIM portion of the Twin City policy pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins.Co., 85 Ohio St.3d 660, 1999-Ohio-292, as limited by Westfield Ins. Co.v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, because she was acting in the scope of her employment at the time of the accident.
 {¶ 7} Upon review, we find Rosely's argument to be without merit. The Ohio UM/UIM endorsement in the Twin City policy defines an "insured" as follows:
 {¶ 8} "B. Who Is An Insured
 {¶ 9} "If the Named Insured is designated in the Declarations as:
 {¶ 10} "* * *
 {¶ 11} "2. A partnership, limited liability company, corporation or any other form of organization, then the following are 'insureds':
 {¶ 12} "a. Anyone 'occupying' a covered 'auto' * * *."
 {¶ 13} Antioch University is designated as the named insured in the declarations portion of the Twin City policy. Therefore, for purposes of UM/UIM coverage, "[a]nyone 'occupying' a covered 'auto'" qualifies as an insured. The policy defines covered autos as "[o]nly those 'autos' you own." The policy expressly states that this reference to "you" means the named insured, Antioch University. The result is that "anyone" occupying an auto owned by Antioch qualifies as an insured for purposes of UM/UIM coverage. Rosely was occupying her own car at the time of the accident. Therefore, the trial court correctly held that she is not insured under the UM/UIM endorsement.
 {¶ 14} On appeal, Rosely asserts that the Twin City policy contains an ambiguous "you" of the type at issue in Scott-Pontzer andGalatis. In light of the purported ambiguity, she insists that she should be included as an insured under the Twin City UM/UIM endorsement. We disagree. Unlike Scott-Pontzer and Galatis, we find no ambiguous "you" in the Twin City policy.
 {¶ 15} Scott-Pontzer and Galatis both involved a UM/UIM endorsement in a business-auto policy issued to a corporation. The endorsement defined the insured as "you," which referred to the corporation itself. In each case, the Ohio Supreme Court reasoned that this reference to "you" was ambiguous. The court observed that a corporate entity could not occupy a vehicle or suffer bodily injury. Consequently, the court reasoned that the reference to "you" necessarily included the employees of the corporate insured. In Galatis, the Ohio Supreme Court limitedScott-Pontzer to employees acting in the scope of their employment.
 {¶ 16} As the trial court properly recognized, however, the fact giving rise to the ambiguity in Scott-Pontzer and Galatis does not exist here. The Twin City policy does not refer to "you" as being the insured for purposes of UM/UIM coverage. Instead, the policy defines the insured, in relevant part, by reference to a specific group of individuals: "[a]nyone 'occupying' a covered 'auto.'" Thus, unlikeScott-Pontzer and Galatis, the Twin City policy expressly insures a class of people who can occupy automobiles and sustain injuries at the hands of an uninsured or underinsured motorist.
 {¶ 17} The only relevant reference to "you" in the Twin City policy is found in the definition of "covered autos." The policy defines covered autos as "[o]nly those 'autos' you own." But this reference to "you" is unambiguous. The "covered autos" portion of the policy specifies that "you" means the named insured, which is Antioch University. We find nothing ambiguous about policy language that defines covered autos as vehicles owned by Antioch.
 {¶ 18} In sum, the Twin City UM/UIM endorsement plainly states that anyone occupying a covered auto — i.e., an auto owned by Antioch — qualifies as an insured for purposes of UM/UIM coverage. Rosely was occupying her own car at the time of the accident. Therefore, we agree with the trial court's holding that she does not qualify as an insured under the UM/UIM endorsement to the Twin City policy.
 {¶ 19} Rosely's reliance on DeUzhca v. Derham, Montgomery App. No. 19106, 2002-Ohio-1814, fails to persuade us otherwise. The policy inDeUzhca defined the insured for purposes of UM/UIM coverage as the corporate "you" found to be ambiguous in Scott-Pontzer. As a result, we interpreted the word "you" consistent with Scott-Pontzer to include the corporate policyholder's employees. Later in our opinion, we addressed policy language that defined a "covered auto" for purposes of uninsured-motorist coverage as "[o]nly those 'autos' you own." Having already interpreted the word "you" to mean the company's employees in the context of defining who qualified as an insured, we gave the same meaning to the word "you" for purposes of identifying covered autos. We concluded that "[o]nly those 'autos' you own" included autos owned by the company's employees. In reaching this conclusion, we reasoned: "If 'you' is ambiguous in some parts of the policy, it is ambiguous in all parts of the policy. The policy gives 'you' the same meaning throughout the policy. We believe that a consistent interpretation of the word is preferable to ascribing it different meanings depending on where in the policy it appears. Thus, 'you' includes employees of the corporate insured wherever it appears in the policy."
 {¶ 20} Upon review, we find DeUzhca to be distinguishable from the present case. In DeUzhca, we felt compelled to interpret the word "you" in the phrase "only those 'autos' you own" to mean the corporate policyholder's employees. We found such an interpretation necessary because we already had interpreted an ambiguous "you" to mean the policyholder's employees when identifying who qualified as an insured under a UM/UIM endorsement. As noted above, however, the Twin City policy defines an insured for purposes of UM/UIM coverage as "anyone" occupying a covered auto. Unlike the policy at issue inDeUzhca, the UM/UIM endorsement here does not contain an ambiguous "you." Therefore, we are not constrained to interpret the word "you" in the "covered autos" portion of the policy to mean that Antioch's employees are insured while driving their own vehicles. In fact, such an interpretation would contravene the express language of the policy. The "covered autos" portion of the policy states that "you" means the named insured, Antioch University. Thus, the policy's reference to "[o]nly those 'autos' you own" plainly means only those autos owned by Antioch.
 {¶ 21} We also are unpersuaded by Rosely's reliance on Florence v.Brown, Montgomery App. No. 19847, 2004-Ohio-772. She citesFlorence for the proposition that an employee driving her own vehicle on behalf of her employer is entitled to UM/UIM coverage unless specific policy language precludes it. We note, however, that the policy at issue in Florence bears no similarity to the Twin City policy. More importantly, the UM/UIM endorsement in the Twin City policydoes specifically preclude coverage for Rosely. It defines an insured for UM/UIM purposes as anyone occupying an auto owned by Antioch. Rosely was not occupying an auto owned by Antioch at the time of her accident. Therefore, she is excluded from uninsured-motorist coverage by the express terms of the policy.
 {¶ 22} Finally, we reject Rosely's argument that the trial court erred in relying on a "Schedule of Covered Autos" to find that she was not insured under the Twin City UM/UIM endorsement. The trial court actually held that Rosely was not an insured because she was not occupying a car owned by Antioch at the time of the accident. In the course of its ruling, the trial court observed that the autos Antioch did own were listed in the policy. We find no error. Rosely's first assignment of error is overruled.
 {¶ 23} In her second assignment of error, Rosely contends the trial court erred in sustaining Hartford's summary judgment motion. Contrary to the trial court's ruling, Rosely asserts that she is entitled to uninsured-motorist coverage under the Hartford umbrella policy issued to Antioch.
 {¶ 24} Rosely first argues that the Hartford umbrella policy incorporates by reference the entire Twin City policy. Based on the premise that she is entitled to UM/UIM coverage under the Twin City policy, Rosely reasons that she likewise is entitled to such coverage under the Hartford policy. We find this argument to be unpersuasive.
 {¶ 25} The Hartford policy does contain a schedule of underlying insurance that includes the Twin City business-auto policy. We have determined above, however, that Rosely is not entitled to uninsured-motorist coverage under the Twin City policy. Moreover, the Hartford policy contains a provision that expressly excludes any UM/UIM coverage. It states:
 {¶ 26} "B. Exclusions
 {¶ 27} "This policy does not apply to:
 {¶ 28} * * *
 {¶ 29} "17. Uninsured or Underinsured Motorists
 {¶ 30} "To any claim for:
 {¶ 31} "a. Uninsured or Underinsured Motorists Coverage;
 {¶ 32} * * *
 {¶ 33} "Unless this policy is endorsed to provide such coverage."
 {¶ 34} The Hartford umbrella policy is not endorsed to provide UM/UIM coverage. Therefore, under the clear policy language, Rosely is not entitled to such coverage. This is true regardless of her arguments that the Hartford policy incorporates the Twin City policy and that she qualifies as an insured under the terms of the Hartford policy.
 {¶ 35} For the reasons set forth above, Rosely is not eligible for coverage under the Twin City UM/UIM endorsement, and the Hartford policy does not provide this type of coverage at all. Finally, having carefully reviewed the Hartford policy, we find no ambiguity that would prevent the entry of summary judgment in favor of the insurance company. The policy unambiguously excludes the coverage that Rosely seeks. Accordingly, we overrule her second assignment of error.
 {¶ 36} The judgment of the Montgomery County Common Pleas Court is affirmed.